## SUPREME COURT — CRIMINAL TERM — ERIE COUNTY.

### June, 1917.

## THE PEOPLE v. EZRA L. McLAUGHLIN.

(100 Misc. 340.)

FELONY—EVIDENCE—VERDICT—AUTOMOBILES—MOTION FOR NEW TRIAL DENIED—HIGHWAY LAW, § 290.

Where upon a prosecution for violating section 290 of the Highway Law, which declares that any person operating a motor vehicle who knowing that an injury has been caused to a person or property due to his culpability or to accident " leaves the place of said injury, or accident, without stopping and giving his name, etc.," is guilty of a felony, it appeared by the testimony of two disinterested witnesses that defendant was the one who ran into and injured the automobile and that he, being uninjured, hurried right on with his machine a number of miles without stopping, a verdict of guilty is not contrary to the evidence and a motion for a new trial will be denied.

MOTION for a new trial.

*Guy B. Moore, District Attorney (George W. Woltz,* of counsel), for people.

*Leary & Evans (William J. Evans,* of counsel), for defendant.

TAYLOR, J.:

This defendant has been convicted by a jury in this court of having violated section 290 of our Highway Law. The defendant moves for a new trial on two grounds; *first,* that the verdict is contrary to the weight of the evidence, and, *second,* that a dismissal of the indictment should have been ordered on

defendant's application at the close of the people's evidence, for the main reason that the people presented no proof that after the causing of the claimed accident the defendant did not make a report to a police officer or to the nearest police station or judicial officer.

The portion of the said section directly involved reads as follows: "Any person operating a motor vehicle who, knowing that injury has been caused to a person or property, due to the culpability of the said operator, or to accident, leaves the place of said injury, or accident, without stopping and giving his name, residence, including street and number, and operator's license number to the injured party, or to a police officer, or in case no police officer is in the vicinity of the place of the said injury, or accident, then reporting the same to the nearest police station, or judicial officer, shall be guilty of a felony, etc." This provision is clearly in the alternative; that is, it requires a report either to the injured party or in one of three other specified ways. Counsel for the people claims that the principle involved in People v. Cannon (139 N. Y. 46) is controlling here; that is, that this is a case similar to those in which are involved prosecutions of physicians for practicing without license, of hunters for hunting without license, and the like. Defendant's counsel claims that such principle does not apply; that this statute does not state that the accused person would be guilty *unless* or *excepting that* he reported the mishap to a police officer, etc.; that the crime charged is not the causing of the mishap, but the not-reporting the name, etc., of the person causing it, and that the requirement referred to being in the alternative the people are expressly required to show as a part of their affirmative case that the defendant violated the statute in respect to each alternative mentioned.

After consideration I am inclined to hold, and should hold, were it necessary, that the above mentioned contention of the people is correct. I think that within the fair purview of this statute the people should not be required first to show that there

was no report to the injured party, and then to prove that a police officer was present and no report made to him, or that no police officer was in the vicinity, and then to show, perhaps as a result of several exact and nice measurements, that a report was not made to the nearest police station or judicial officer. I am convinced that this is a situation in which there is a negative proposition which does not fairly permit of direct proof, and that it is a matter immediately within the knowledge of the defendant under such surrounding circumstances that the *onus probandi* should rest upon him to show that a report was made.

However, I feel that this particular defendant's contention on this ground must fail whatever may be the correct interpretation of this statute in the respect just mentioned. The statute states that a person who " leaves the place of said injury or accident without stopping and giving his name, etc., is guilty of a felony." There was testimony of two disinterested and credible witnesses in the case at bar that this defendant after the mishap ran right straight on a number of miles and turned into his yard; that he clearly left the place of the accident without stopping and giving his name, etc., and I believe that in so doing he, being uninjured and his machine uninjured, thereby committed the crime. I believe that this statute means that unless a malefactor of this character is injured personally, or a situation is somehow created whereby an immediate report cannot be made by him, he is required to stop and report immediately.

The defendant's counsel strenuously contends that the verdict is contrary to the weight of the evidence. There is much credible testimony to the effect that the defendant was at a funeral in the city of Buffalo at a point some thirteen to fifteen miles from the scene of the mishap an hour or an hour and a qaurter before the time of the accident. As to his whereabout thereafter the jury had the testimony of the defendant and Mr. and Mrs. Bowers that he was occupied in conveying several people

to different places, including the taking of Mrs. Bowers home, up to about six o'clock, the accident occurring about five-fifteen o'clock. However, as opposed to this the jury had the direct testimony of one occupant of the automobile injured positively identifying the defendant, and the direct testimony of the disinterested witnesses, Hirsch and Popper, that the defendant was the man who caused the mishap, and that he hurried right on home with his machine, a number of miles, without stopping at all. I feel that under these circumstances I cannot say that the verdict was contrary to the weight of the evidence.

The motion of the defendant is denied.

Motion denied.

---

## NOTE ON HIGHWAY LAW, § 290.

The provision making the violation of section 287 (formerly 291) a misdemeanor was formerly contained in section 307. (People v. Darragh [1910], 141 App. Div. 408, 126 N. Y. Supp. 522, affd. [1911], 203 N. Y. 527, mem.)

### CONSTITUTIONALITY.

The provision of subdivision 3 requiring the operator of a machine to stop and make known his identity, etc., on the occurrence of injury to person or property due to his fault or to an accident, is constitutional. (People v. Rosenheimer [1913], 209 N. Y. 115, 102 N. E. 530, Ann. Cas. 1915A, 161, 46, L. R. A. [N. S.] 977, reversing 146 App. Div. 875, 130 N. Y. Supp. 544, which affirmed [1911] 70 Misc. 433, 128 N. Y. Supp. 1093.

### CONSTRUCTION.

The provision of subdivision 3 requiring the operator, in case of an accident, to stop and give his name, etc., " is limited by its context to injuries inflicted upon public highways, and by proper construction to such as are caused directly or indirectly by the motor vehicle operated." (People v. Rosenheimer [1911], 70 Misc. 433, 128 N. Y. Sup. 1093.) And knowledge that an accident has occurred is essential to a conviction for leaving the scene of an accident without making a disclosure of identity under this section. (People v. Curtis [1916], 217 N. Y. 304, 112 N. E. 54.)

INDICTMENT.

It seems that an indictment for failing to stop and disclose one's identity after an accident is not defective, though it contains no allegation that the accident occurred on a highway. (People v. Curtis [1916], 217 N. Y. 304, 112 N. E. 54.)

JURISDICTION.

In People v. Patterson (1902), (38 Misc. 79, 77 N. Y. Supp. 155) it was held that a city magistrate of the city of New York had no jurisdiction to determine a charge of misdemeanor for driving a motor vehicle within that city at excessive speed, such jurisdiction being conferred exclusively on the Court of Special Sessions. (See Code Crim. Proc. 56, subd. 26); see also Harrington v. New York (1903). (40 Misc. 165, 81 N. Y. Supp. 667), holding also that where a fine imposed by a city magistrate for operating an automobile at excessive speed was voluntarily paid it could not be recovered back, and further, that the municipal court had no jurisdiction of an action for such recovery.

PROOF OF ORDINANCE.

The ordinance under which a prosecution for speeding is had must be proved. (People v. Traina [1915], 92 Misc. 82, 155 N. Y. Sup. 1015.)

EVIDENCE IN PROSECUTION.

In a prosecution for leaving the scene of an accident without making a disclosure of identity, while it is proper to prove how serious injuries were inflicted, to show a probability of knowledge, evidence as to the subsequent sufferings of the injured party and the duration of his confinement, etc., is inadmissible. (People v. Curtis [1916], 217 N. Y. 304, 112 N. E. 54.)

UNLICENSED CHAUFFEUR.

In a prosecution for driving a motor car as a chauffeur the possession of a chauffeur's license is no defense where it is void because issued to one under eighteen years of age in violation of section 289, *supra*. (Schultz v. Morrison [1915], 91 Misc. 248, 154 N. Y. Supp. 257.)

PENALTY UNDER VILLAGE ORDINANCE.

Subdivision 9 limits the penalty which may be fixed by the village for a violation of an ordinance enacted under section 288. (People v. Chapman [1914], 88 Misc. 469, 152 N. Y. Supp. 204.) But see Opinion Attorney-General (1914), 203, taking the view that a penalty of $100 might be imposed, neither the court's opinion nor attorney-general's opinion mentioning the other. Where a village adopts a special ordinance and fixes

2

the punishment as authority by section 288, *infra*, the present section does not make a violation of the ordinance a misdemeanor. (Chapman v. Selover [1916], 172 App. Div. 858, 159 N. Y. Supp. 632.)

### INTOXICATION.

Running an automobile while intoxicated, in violation of this section, is negligence. (Lincoln Taxicab Co. v. Smith [1914], 88 Misc. 9, 150 N. Y. Supp. 86.)

### CITED.

This section was cited in People v. Utermyer (1912), 153 App. Div. 176, 138 N. Y. Supp. 334; Op. Atty.-Gen. (1915) 4. This section was cited as bearing on the disposition of fines and penalties collected by a city of the first class. See *infra*, 291, note.

### REFUND ON REVERSAL OF CONVICTION.

Where a fine has been paid into the State treasury, it cannot be ordered to be returned on a reversal of the conviction. (Op. Atty.-Gen. [1911] 215.)